Judge Mills
delivered the Opinion of the Court.
This is an action of debt brought against a sheriff and his sureties on his official bond, which hinds him to the correct performance of all the dut *525 ies of bis office. The relator is the defendant ill an execution which had been levied on his estate, which was sold by the sheriff.
Declaration on the sheriff's bond, for the acts of the deputy
Demurrer to the declaration and judgment for defendant.
Defendant in an execution may maintain an action against the sheriff, on his bond, for the acts of the deputy in selling the property seized without advertisement, and in shorter time than authorized by law, for less than its value.
The declaration asssigns for breach on the condition of the bond, that the execution in favor of a third person against the relator, came to the hands of a deputy of the sheriff, and was levied on a horse, the property of the relator of the value of six hundred dollars, and which was sold by the deputy, for $100,12 1-2, upon a credit of two years; that there was no endorsement on the execution, that bank notes would be received in payment; that the deputy did not deliver an inventory or notice to the defendant in the execution or his attorney, that the horse was taken to satisfy the execution; and of the time of his intended sale, as the statute requires. That the horse was not valued or appraised by the commissioners appointed by the county court, although they were present and willing to value the horse; nor was the said horse advertised according to law; but was instantly sold for the price and the credit aforesaid.
The sheriff and sureties demurred to the declaration. The court sustained their demurrer, and gave judgment for them, and to reverse that judgment, this writ of error is prosecuted.
That the sheriff is liable for the conduct of his deputy, is too well settled to be made a question in this court.
The act which directs the sheriff’s bond, gives a right of action to any person injured by a breach of the condition; & if an article of property worth $600, is sold for $100, through the illegal acts of the deputy, there can be no doubt that an injury is sustained by the owner of that property, and it is settled by this court, in the case of the Commonwealth, for the use of Clarke, vs Williams, 4 Lit. Rep, 335, and in previous cases, that the defendant in execution has this remedy. This question therefore, must rest on the enquiry whether the sheriff so violated the law between the levy and sale, as to render himself and sureties liable.
To raise the question of the constitutionality of the valuation laws, it must appear on what cause of action the judgment was recovered.
Mandate.
Triplett, for plaintiff.
If there was no other complaint against his acts, than that he did not advertise the sale, and sold the estate immediately, for less than its value, without the usual intervening time and publication of the sale, this would prima facia give to the relator a good cause, of action.
Whether it is intended by this demurrer to question the constitutionality of the valuation act, which requires estate seized by execution, to be appraised before it is sold, may be a matter of some doubt. But if that question was intended, it was a bad attempt on a demurrer, where the court is confined to the face of the record. For if if be conceded to the defendants in error, that the act as it applies to executions on judgments rendered, enforcing contracts, is a violation of the constitution (a point not intended to be decided,) it would not follow that his demurrer ought to he sustained. It is not shown what kind of an execution the one in question is, or from what kind of judgment or cause of action it originated, and it is not to be presumed that the officers of the law violated the constitution; but it lies on the party asserting it, to aver and show it.
The judgment of the court below, therefore, on the demurrer to the declaration, is reversed, with costs, and the cause remanded with directions to overrule that demurrer, and for such other and further proceedings on the other pleadings that are or may be filed, as shall not be inconsistent with this opinion.